ELLIS, Judge.
The plaintiff sought to 'be recognized as the owner of a certain parcel of real estate as well as a money judgment for deprivation of its use. The petition alleges the defendant is in possession of the property to which plaintiff is entitled as the sole issue of the marriage of Charles Moran, Sr., and Cathern Green. The trial below resulted in a judgment dismissing plaintiff’s demand, and an appeal was taken to the Supreme Court, which transferred it here, upon the basis that the record failed to affirmatively show the amount in dispute exceeded the sum of $2,000, exclusive of interest. The claim for a moneyed judgment was abandoned before the case was submitted to the trial Court.
The petition alleges that the father and mother of the plaintiff were married on December 22, 1892 and that of this marriage he was born on November 8, 1893; that the property in. question was acquired in 1895, during the existence of the marriage; that his mother died November 18, 1913 and his father September 30, 1925; that he was the sole heir of each and claims the property as such. It is further set forth that in the Succession of Charles Moran, Sr., Florella Moran, born Green, was recognized as the surviving spouse and sole heir of the deceased, and that in such proceedings she was sent into possession of the property in question; that after her death the Succession of Florella Moran was opened and the defendant sent into possession of the property under the terms of a nuncupative last will and testament. The plaintiff seeks to have the judgments in both successions annulled.
The defendant denies the marriage of Charles Moran, Sr., and Cathern Green, setting forth that there was no such person as the latter, but that on the date of the marriage Charles Moran, Sr. was married to Florella Green.
The plaintiff offered the officiating minister’s return of a marriage between Charles Moran, Sr., and Cathern Green and the record of marriage in Wesley Chapel, where the wedding was celebrated. The minister’s feturn states that he celebrated a marriage *76 between Charles Moran and Cathern Green on December 22, 1892. The trial Judge stated, in his written reasons for judgment, that three witnesses on this return were indicated to have -signed by mark but there was no such indication as to the contracting-parties or the minister. He concluded that all the signatures were in the same handwriting and that the entry in the marriage records of the the Parish were in the same handwriting.' The plaintiff also introduced the testimony of one Richard Hall. At the time of the trial he stated he was 82 years, 7 months and 29 days old. The trial was held on June 29, 1955. He testified that' he was 18 years old at the date of the wedding, on December 22, 1892, and heard the “preacher say Cathern Green”. If his tes-, timony is correct he would have been past 20 years of age at that time.,. He further identified the plaintiff as the child of Charles Moran, Sr., and Cathern Green, testifying that he was in Baton Rouge when the child was born, but he had not seen him again until about 10 years before the trial. The trial Judge stated, due to “the improbability of the correctness of many of his statements”, as well as his demeanor, that he attached no weight to his testimony.
The defendant offered the permanent record of the Parish, which shows a marriage license issued to Charles Moran and Flor-ella Green on December 22, 1892. Also offered was the return of the minister, above referred to, upon which David'Green, a brother of Florella Green, appears. Dave Green’s name also appears upon the bond given by Charles Moran when the license was issued. The trial Court concluded that it was “inconceivable” that Dave Green went to the court house with Charles Moran to obtain a license to marry his sister and became surety on Moran’s bond,' and on the same date, as an official witness, saw Moran marry another woman. The plaintiff himself, stated there was no relationship between Florella Green and Cathern Green.
Another document introduced by the defendant is the marriage license itself, issued to Charles Moran and Florella Green on December 22, 1892. It is undisputed that this hung on the wall of the residence occupied by Charles and Florella for many years; that they lived together as man and wife and were so recognized by their neighbors. One of these neighbors was Mary Belle Dupuy. She stated that she was born in 1894, and lived about a half block from the Morans; that they lived there as man and wife and that the defendant lived with them. She further stated that her mother often spoke of the wedding of Charles Moran and Florella Green, and that she attended it.
Another witness testified she knew that Charles Moran, Sr., and Florella Green lived together as man and wife and that her mother, 'before her death, often spoke of having attended their wedding. "
There is much evidence to show that the name of plaintiff’s mother was Caston, rather than Green. It is so listed in the City Directorate of 1906, 1908 and 1911. Also, the plaintiff secured two different marriage licenses in which he stated his mother’s name was Caston. Her death certificate, issued in the name of Caston. One of the witnesses for the plaintiff stated she knew a Kate Cassidy and also knew Charles Moran, Sr. She testified that the only wife the latter had was called “Miss Flora”. When asked whether she knew if Katy Caston was ever known by 'the surname of Green she replied that the Green name had “come up just lately”.
There is no record that a marriage license was ever issued to Cathern Green and Charles Moran, Sr.
The trial Court, in a well-reasoned, written opinion, concluded the minister made an error in writing his return and repeated it in the record kept in the Church. He believed that the Plaintiff learned of the mistake in the return in the recent past and hinged his suit upon the similarity between the name Cathern and Kate. Our learned brother below did not believe the plaintiff had proven his claim and dismissed the suit.
*77 Pleas of prescription and some exceptions were filed, which were referred’ to the merits, and we, as the trial Court, do not believe it is necessary to pass upon these as plaintiff has failed to prove his demand.
The judgment of the District Court is affirmed.